IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV292-1-V
3:04CR94-V

| | |
|---|---|
| RICHARDE DANIEL CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed July 23, 2007. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On April 28, 2004, Petitioner was named in a one count Bill of Indictment charging him with violating 18 U.S.C. § 922(g). On August 24, 2004, a Superceding Bill of Indictment was filed charging Petitioner with violating 18 U.S.C. § 922(g) and setting forth two sentencing allegations. On October 15, 2004, at his Rule 11 hearing, Petitioner entered a straight up guilty plea to the 18 U.S.C. § 922(g) charge.[1] On August 15, 2005, at Petitioner's sentencing hearing, this Court, after granting a downward departure motion by the Government,[2] sentenced Petitioner

---

[1] The Court notes that the sentencing allegations contained in the Superceding Bill of Indictment were later withdrawn. (Plea Hearing Trans. pp. 9-10; Sent. Hearing Trans. p. 5).

[2] Petitioner's sentence was reduced by 30 months as a result of the Government's downward departure motion.

to ninety months imprisonment. Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit which affirmed his sentence and conviction on October 4, 2006.

On July 23, 2007, Petitioner filed the instant timely Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner raises three claims: 1) his counsel was ineffective; 2) his guilty plea was involuntary;[3] and 3) the district court failed to comply with the procedural standards of due process.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

---

[3] Although Petitioner delineates his involuntary guilty plea claim in his form § 2255, he does not separately brief this claim. It appears that his involuntary guilty plea claim is based upon some of his ineffective assistance of counsel claims and this Court will therefore address his involuntary guilty plea claim within the context of his ineffective assistance of counsel claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### B. Plea Advice

Petitioner alleges that he received ineffective assistance of counsel because his counsel did not properly advise him with regard to his plea. More specifically, Petitioner alleges that his

counsel misrepresented Petitioner's sentencing exposure by leading him to believe that he would be facing a maximum sentence of 30 to 37 months.[4]

Even if Petitioner's counsel did not properly inform Petitioner with regard to his sentencing exposure, Petitioner's ineffective assistance of counsel claim on this basis fails because he cannot establish that he was prejudiced. At his Rule 11 hearing, the Petitioner swore under oath[5] that he understood that the maximum penalty he faced was ten years' imprisonment. (Plea Hearing Trans. p. 6). In addition, Petitioner swore that he understood that the Court was unable to determine the applicable sentencing range until after his pre-sentence report was prepared. (Plea Hearing Trans. p. 6). He further stated that he realized that his sentence could be higher or lower than the guideline range and that his sentence might be more severe than he expected. (Plea Hearing Trans. pp. 6-7). Significantly, Petitioner swore under oath that no one had made him a promise of leniency to induce him to plead guilty. (Plea Hearing Trans. p. 10). When asked about his counsel, Petitioner stated that he was "very" satisfied with the services of his counsel and that his counsel had been very diligent and courteous. (Plea Hearing Trans. p. 11). When asked if he had any questions or would like to make any statements, Petitioner said that he only wished to apologize. (Plea Hearing Trans. pp.

---

[4] This is the guideline range for a offense level of 12 and a criminal history category of VI.

[5] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

11-12). Based upon this record, this Court concludes that Petitioner was aware that his sentence was not yet determined and could be up to ten years imprisonment. As such, even if his counsel misinformed him as to his sentence exposure, any such misinformation was offset by the questions at his plea hearing. Consequently, Petitioner cannot establish that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

### C. On Appeal

Petitioner alleges that his counsel was ineffective on appeal because his counsel failed to raise issues requested by Petitioner. More specifically Petitioner alleges that his counsel was ineffective for failing to argue on appeal that the district court erred by not informing Petitioner during his Rule 11 hearing that the sentencing guidelines were not mandatory and for failing to argue that the district court failed to justify the sentence imposed in light of the exponential enhancement and the mandatory use of the sentencing guidelines. Petitioner also alleges that his counsel failed to inform him of his right to request a hearing en banc.

Petitioner's allegation that his appellate counsel was ineffective for failing to argue on appeal that the district court failed to inform him at his Rule 11 hearing that the sentencing guidelines were advisory rather than mandatory is meritless. That is, at the time of Petitioner's sentencing hearing the Supreme Court had not yet issued its decision in Booker. As such, this Court could not have informed him that the sentencing guidelines were advisory. Moreover, even if it were the law at the time, and assuming without deciding that such an omission would be error, Petitioner fails to establish that he was prejudiced by his counsel's failure to argue such a claim on appeal because any appeal based upon such failure would have been dismissed as harmless error. See Fed. R. Crim. P. 11(h)(harmless error standard applies to Rule 11

5

violations). Petitioner does not set forth, and this Court cannot discern, how Petitioner's substantial rights were violated. Consequently, Petitioner was not prejudiced by his appellate counsel's failure to raise such a claim.

Petitioner also argues that his appellate counsel was ineffective for failing to argue on appeal that the district court failed to justify the sentence imposed in light of the exponential enhancement and mandatory use of the guidelines. Petitioner provides no support whatsoever for his assertion that this Court mandatorily imposed the Guidelines. As evidenced by the Judgment itself, this Court did not mandatorily impose the guidelines and therefore Petitioner's counsel was not ineffective for failing to raise that issue on appeal. (Judgment p. 1)(stating that the sentence was imposed pursuant to United States v. Booker, 125 S. Ct. 738 (2005)).

Petitioner also alleges that his appellate counsel was ineffective for failing to inform him after his appeal was denied that he could request a rehearing en banc. Petitioner's claim fails because he cannot establish that he was prejudiced by his counsel's alleged failure to inform him that he could file for a rehearing en banc. That is, Petitioner has not even argued that the Fourth Circuit would have granted such a request or that such a hearing would have resulted in the reversal of the original appellate opinion.

**D. Sentencing Hearing**

     **1. failure to move to withdraw guilty plea**

Petitioner also alleges that he received ineffective assistance of counsel when his counsel failed at his sentencing hearing to move to allow Petitioner to withdraw his guilty plea after Petitioner requested that he do so. Petitioner asserts that such a motion would have been granted because the Booker decision had been rendered between his plea and sentencing hearing.

6

Petitioner asserts that when he pled guilty he did not know that he would be exposed to charges not proven to a jury, or admitted by him.

As an initial matter the Court notes that at the outset of the sentencing hearing Petitioner acknowledged he had carefully reviewed the pre-sentence report. This Court asked Petitioner if he understood the nature of the charge against him and the possible penalties and Petitioner answered affirmatively. (Sent. Hearing Trans. p. 3). Petitioner also averred that his guilty plea had been voluntary and that he had committed the offense. (Sent. Hearing Trans. p. 3). In addition, although Petitioner was given, and took, an opportunity to address the Court at the conclusion of his sentencing hearing, Petitioner did not at any time raise the issue of his desire to withdraw his guilty plea. (Sent. Hearing Trans. pp. 58-61). Given these facts, this Court finds Petitioner's claim that he greatly desired to withdraw his guilty plea at the time of his sentencing hearing highly suspect.

Moreover, the Court notes that after a defendant has pled guilty Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on the defendant to establish that a fair and just reason exists for withdrawing a guilty plea. This Court finds that the reason set forth by Petitioner for why he wanted to withdraw his guilty plea at his sentencing hearing – the issuance of the holding in Booker - does not establish a fair and just reason for withdrawing his guilty plea. That is, the holding in Booker was not disadvantageous to Petitioner. Petitioner does not specify how his sentence would have been different if Booker had not been decided when he was sentenced.

### 2. failure to obtain information relating to unlawful restraint

Petitioner alleges that his counsel was ineffective for failing to obtain more information

7

regarding the facts supporting his unlawful restraint cross-reference. More specifically, Petitioner asserts that his counsel should have obtained background and police records relating to his wife. Petitioner contends that such records would have established a history of false claims and psychological issues.[6]

As stated previously, Petitioner bears the burden of establishing that his counsel was ineffective. Petitioner provides no evidence whatsoever in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

Moreover, the Court notes that a significant amount of evidence was presented by Petitioner's counsel in an effort to avoid the application of the cross-reference. At Petitioner's sentencing hearing Petitioner and the police officer who took his wife's initial statement both testified and were cross-examined at length. In addition, Petitioner's counsel submitted several exhibits in conjunction with his objections to the pre-sentence report such as Petitioner's wife's affidavit and her testimony at the detention hearing. (Sent. Hearing Trans. pp. 6-7). Petitioner's counsel argued vigorously against the application of the cross-reference. The mere fact that Petitioner's counsel was unable to persuade this Court to rule in his favor is not indicative of ineffectiveness.

---

[6] Petitioner also erroneously states that the prosecution had a responsibility to search for this information.

### III. IMPROPER APPLICATION OF § 2A4.1

Petitioner alleges that insufficient evidence existed to support the application of the cross-reference and that this guideline was improperly applied. This claim was raised on appeal by Petitioner. The Fourth Circuit upheld the application of § 2A4.1 and denied this claim. See United States v. Carter, No. 05-5004 (4th Cir. Oct. 4 2006). The Fourth Circuit's ruling precludes this Court's review of Petitioner's § 2A4.1 claims. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action). Petitioner's claim on this basis is dismissed.

### CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to any relief on his claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: November 5, 2007

Richard L. Voorhees
United States District Judge